FILED

JAN 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONDA K. WILLIAMS, | No. 09-35194 |
| Plaintiff - Appellant, | DC No. CV 07-0101 JCL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted January 14, 2010
Seattle, Washington

Before:    KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

Ronda Williams appeals the district court's grant of summary judgment in

favor of the Social Security Commissioner in Williams' action challenging the

denial of her application for Supplemental Security Income under Title XVI of the

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

Social Security Act, 42 U.S.C. §§ 1381-1383c. Williams contends that the administrative law judge ("ALJ") erred in finding her not credible and in giving no weight to a medical assessment by her treating physician. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* the district court's order upholding the denial of benefits. *See Rollins v. Massanari*, 261 F.3d 853, 855-56 (9th Cir. 2001).

**1.** We conclude that the ALJ's credibility assessment was supported by clear and convincing reasons, including that Williams' failure to follow treatment advice and Williams' testimony about her daily activities were inconsistent with a finding of disability. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). An ALJ may properly consider both of these factors in assessing how much credibility to afford the claimant's testimony about the severity of her symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

**2.** We also conclude that the ALJ properly discounted Williams' treating physician's opinion that she could perform only sedentary work. The ALJ reasoned that the treating physician's opinion was inconsistent with other medical evidence in the record and with Williams' own testimony about her activity level. These amount to "'specific and legitimate reasons' supported by substantial

evidence in the record." *See Rollins*, 261 F.3d at 856 (quoting *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)).

**Affirmed**.